FANNIE SCHECKTMAN, complainant,

*v.*

MORRIS SCHECKTMAN, defendant.

[Decided January 4th, 1924.]

1. Where money is deposited in a bank in the name of a wife, although given to her by her husband, it belongs to the wife.

2. Where money is given by a husband to a wife, and later given back to the husband by the wife, and deposited by the husband in his own name, it belongs to him absolutely.

On rule, &c.

*Mr. Harry Castelbaum,* for the complainant.

*Mr. Benjamin M. Weinberg,* for the defendant.

CHURCH, V. C.

This is an action to decide the ownership of certain moneys standing in the name of the defendant, which the complainant claims as hers.

The defendant came to this country in 1906. He put some moneys in a savings account and in 1912 he purchased ten shares of stock in the Uptown Building and Loan Association, which stock he matured a short while before the bill in this case was filed. In August, 1915, he opened an account in the Howard Savings Institution, with a deposit of $500. Both the purchasing of the building and loan shares and the opening of the account in the Howard Institution preceded his marriage to the complainant. Later on he opened an account with the American National Bank and in 1921 purchased other shares in the Uptown Building and Loan Association. He married the complainant on the 25th of December, 1915, and continued to live with her until on or about April 16th, 1923.

The contention of the complainant is that from the time of the marriage the defendant gave to her all his wages except a small sum, which he kept for his personal expenses. She gave him moneys from the sums received from him, which he deposited in his own name in the savings banks; and also made payments on the building and loan stock standing in his name. He says that he made these deposits himself. She admits that he made the deposits in the savings banks, but says that sometimes she paid the building and loan.

Defendant denies that he gave all his money to his wife, but says that he gave her a reasonable amount for running the house and that he paid the rent, bought her her clothes, &c.

The complainant insists that the moneys standing in the name of the defendant in the savings banks and in the building and loan are hers absolutely.

With this contention I cannot agree. The cases cited in the brief for the complainant are all based on the fact that the money was deposited in the name of the wife, although given to her by her husband. In such a case the presumption is that the moneys belong to the wife; but in this case there is a different situation. The moneys are in the name of the husband, and the presumption therefore is that they belong to him, and the burden of proof is upon the complainant to show that they are actually hers.

Taking her own story to be true, it appears that even though the defendant gave her all his savings she gave back to him certain sums and knew that he was depositing them in his own name.

I, therefore, find that the money in the Howard Savings Institution and the American National Bank, as well as the building and loan shares in the Uptown Building and Loan Association, standing in the name of the defendant, belong to him absolutely, and I will advise a decree directing that the bank books and building and loan books be turned over to the defendant.